UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Richard Joseph Lagorio

    v.

Andrew Saul, Commissioner
of Social Security

Civil No. 19-cv-571-LM
Opinion No. 2021 DNH 136 P

**O R D E R**

Plaintiff Richard Joseph Lagorio brought this action seeking judicial review of the final order of the Commissioner of the Social Security Administration denying his application for a period of child's disability benefits. On September 30, 2020, the court vacated the Commissioner's order and remanded this case to the Social Security Administration for further proceedings (doc. no. 13).

The Commissioner now moves for reconsideration of the court's decision. Doc. no. 15. For the reasons discussed below, the court agrees with the Commissioner that one of the several errors it identified as independently sufficient bases for vacating the final order was harmless. However, the court further finds that its decision to vacate the Commissioner's order and remand this case to the Administration for further proceedings was otherwise well supported and error-free. Accordingly, the court denies the Commissioner's motion for reconsideration.

## LEGAL STANDARD

Motions for relief from judgment are governed by Federal Rule of Civil Procedure 59(e).  See Fed. R. Civ. P. 59(e).

> Generally, to prevail on a Rule 59(e) motion, the moving party "must either clearly establish a manifest error of law or must present newly discovered evidence."  Notably, a party moving for Rule 59(e) relief may not repeat arguments previously made during summary judgment, nor may it present new arguments on a Rule 59(e) [motion] if such arguments "could, and should, have been made before judgment issued."

Markel Am. Ins. Co. v. Díaz-Santiago, 674 F.3d 21, 32 (1st Cir. 2012) (citations omitted); see also 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure Civil § 2810.1 (3d ed. 1998) (grounds for granting a Rule 59(e) motion include manifest error of law or fact, newly discovered and previously unavailable evidence, the need to prevent manifest injustice, and intervening change in controlling law).  "The granting of a motion for reconsideration is an extraordinary remedy which should be used sparingly." Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006) (construing a Rule 59(e) motion for reconsideration) (internal quotation marks and citation omitted).

## PROCEDURAL HISTORY

In its Order (doc. no. 13) vacating the Commissioner's decision and remanding this action to the Administration for further proceedings, the court identified four errors in the decision of the Administrative Law Judge (the "ALJ") that by operation of 20 C.F.R. § 422.210(a) became the Commissioner's final order

for purposes of judicial review. Of those four errors, the court found that three independently warranted vacatur of the Commissioner's decision. The three errors that the court found sufficiently prejudicial to warrant vacatur were: (1) the ALJ's failure to consider whether Lagorio's employment at Stonyfield Yogurt ("Stonyfield") in 1999 and 2000 constituted one or more "unsuccessful work attempts" for purposes of 20 C.F.R. § 404.1574(c); (2) the ALJ's failure to consider whether Lagorio's employment at Stonyfield took place under "special conditions" such that his earnings from that employment did not constitute substantial gainful activity under 20 C.F.R. § 404.1573(c); and (3) the ALJ's disregard of specified material evidence of record.[1]

On October 7, 2020, the Commissioner timely moved for reconsideration pursuant to Rule 59(e). Through his motion, the Commissioner argues that the ALJ's error in failing to consider whether Lagorio's employment at Stonyfield constituted one or more "unsuccessful work attempts" for purposes of Section 404.1574(c) was necessarily harmless. This is so, the Commissioner argues, because the only evidence to support that possibility was Lagorio's own testimony, and pursuant to Social Security Ruling 84-25 the Administration does not "rely solely on information from the worker" in determining whether a period of

---

[1] The court additionally found that the ALJ erred in failing to develop the evidentiary record despite the fact that the existing record contained sufficient facts to alert him that further evidentiary development was necessary. However, the court found that, under the circumstances—in particular, the fact that Lagorio was represented at the hearing before the ALJ, in light of which the ALJ was entitled to assume that Lagorio's counsel had presented all favorable material facts—this error did not warrant reversal of the Commissioner's decision.

employment constitutes an unsuccessful work attempt. S.S.R. 84-25, 1984 WL 49799 at *3. At oral argument in connection with the Commissioner's Rule 59(e) motion, the court directed the parties to file supplemental briefing to address whether the argument raised in the Commissioner's motion could apply to the ALJ's failure to discuss 404.1573(c) and the "special conditions" inquiry.

On February 8, 2020, Lagorio filed a supplemental brief in opposition to the Commissioner's motion. Doc. no. 20. Through his supplemental brief, Lagorio offers the novel argument that the ALJ's failure to develop the evidentiary record warrants reversal of the Commissioner's decision. Specifically, Lagorio argues that although he was represented by an attorney at the hearing before the ALJ, he retained his lawyer as of the day the hearing took place. Moreover, Lagorio argues, the hearing notice he received was purportedly inadequate to advise his lawyer of the issues that would be discussed at the hearing.[2] It is Lagorio's position that, under those circumstances, the ALJ was not entitled to assume that counsel had presented all available favorable evidence.

The Commissioner filed a responsive supplemental brief on March 9, 2021. Doc. no. 21. Through his supplemental brief, the Commissioner reiterated his argument that the ALJ's failure to conduct an unsuccessful work attempt inquiry under Section 404.1574(c) was harmless in light of Ruling 84-25. In addition, the

---

[2] The notice of hearing stated in relevant part as follows: "Based on the information in your file, you did substantial gainful work after age 22. We find that you do not currently have a disability that began before age 22. Since you have done substantial gainful work, we have not evaluated your medical condition." Admin. Rec. at 37.

4

Commissioner argued for the first time that the ALJ's error in failing to address Section 404.1573(c) was likewise necessarily harmless. This is because, the Commissioner argues, as a matter of law the record does not support the finding that Lagorio's accommodations at Stonyfield were sufficiently significant to constitute "special conditions" for purposes of Section 404.1573(c).

## DISCUSSION

As a preliminary matter, the court does not find persuasive Lagorio's novel argument regarding the ALJ's failure to develop the evidentiary record. As noted, Lagorio argues that because the notice of hearing was purportedly inadequate to convey the matters that would be raised before the ALJ, and because he retained his legal representative on the day of the hearing, the ALJ was under a heightened obligation to develop the record. First, the court finds nothing inadequate in the notice of hearing, which put Lagorio squarely on notice that the question to be determined was whether he had engaged in substantial gainful activity after age 22. Admin. Rec. at 37. Second, even if the notice of hearing were defective, the court agrees with the Commissioner's argument that the issue has been waived as untimely raised. See, e.g., 20 C.F.R. § 404.939; Benko v. Schweiker, 551 F. Supp. 698, 703 (D.N.H. 1982). Third, Lagorio's counsel could have requested a continuance of the hearing in order to have adequate time to prepare Lagorio's case but elected not to do so. The court therefore does not disturb its previous finding that the ALJ was entitled to presume that Lagorio's counsel had made his best case.

As to the Commissioner's arguments, the court agrees that the ALJ's error in failing to make an unsuccessful work attempt determination was harmless in light of Social Security Ruling 84-25.  A period of employment of less than six months is treated as an unsuccessful work attempt only if the claimant's impairments caused the claimant to stop working and the claimant was out of work for at least 30 consecutive days both before and after the period of employment.  See 20 C.F.R. § 404.1574(c).  And Ruling 84-25 establishes that the Administration will not find that a claimant stopped working due to his impairments solely based on the claimant's own testimony, but rather requires confirmation in the form of "impartial supporting evidence" from a medical source or from the claimant's former employer.  S.S.R. 84-25, 1984 WL 49799 at *3.  Because, here, the record contained no such impartial supporting evidence, the ALJ's failure to consider the Section 404.1574(c) question was necessarily harmless and does not constitute good grounds for vacating the Commissioner's final order.  See Shinseki v. Sanders, 556 U.S. 396, 409-11 (2009); Ward v. Comm'r of Soc. Sec., 211 F.3d 652, 656 (1st Cir. 2000)

However, the court's inquiry does not end there.  As discussed above, the court identified three errors warranting reversal of the Commissioner's decision.  The Commissioner's memorandum in support of his motion for reconsideration addressed only the ALJ's error in failing to make an unsuccessful work attempt determination.  The Commissioner addressed the ALJ's failure to make a special conditions inquiry under Section 404.1573(c) for the first time in his supplemental

6

brief.³ For the reasons that follow, the court disagrees with the Commissioner's Section 404.1573(c) argument.

The Commissioner has promulgated regulations establishing a rebuttable presumption of capacity to engage in substantial gainful activity where a claimant's monthly employment earnings exceed a specified threshold. See 20 C.F.R. § 404.1574(b)(2). However, pursuant to Section 404.1573(c), the fact that a claimant earned compensation in excess of that threshold may be insufficient to establish his capacity to engage in substantial gainful activity if the claimant's work was performed under "special conditions" that accommodated the claimant's impairments. See id., § 404.1573(c). Such "special conditions" include, without limitation: the claimant's need for and receipt of special assistance from other employees in performing his job duties; permission for the claimant to take frequent rest breaks; and permission for the claimant to work at a lower standard of productivity or efficiency than other employees. See id. In this case, the ALJ failed to include any discussion of whether accommodations Lagorio received while employed at Stonyfield could have constituted such special conditions.

The Commissioner argues that the ALJ's failure to consider this issue was harmless for several reasons. First, the Commissioner argues that, for purposes of Section 404.1573(c), the accommodations constituting special conditions must be so

---

³ The court notes that, if the Commissioner were to prevail on this argument, the third harmful error the court identified—the ALJ's disregard of material evidence of record—would be rendered harmless, because the disregarded evidence was material only to the Sections 404.1573(c) and 404.1574(c) inquiries.

extraordinary as to reduce the value of the claimant's services to the employer to the point that "the employee is keeping his position only through the employer's grace." Doc. no. 21 at 6. In support of this proposition the Commissioner cites a handful of cases from outside the First Circuit, and no authority from within the First Circuit. Second, the Commissioner argues that the court erred in finding that Lagorio testified to requiring and receiving multiple accommodations while employed at Stonyfield. The Commissioner acknowledges that Lagorio testified that other Stonyfield employees performed his job duty to lift and carry heavy buckets. The Commissioner further acknowledges that Lagorio submitted a sworn affidavit through which he testified to being permitted to take more frequent rest breaks and being held to a lower standard of productivity than other workers. However, it is the Commissioner's position that, at the hearing before the ALJ, Lagorio repudiated his affidavit (Admin. Rec. at 74-75) and testified that the only accommodation he ever received was assistance in carrying heavy buckets. Third, the Commissioner argues that although the ALJ did not discuss Section 404.1573(c) or the question of "special conditions" in his decision, he can be presumed to have considered those issues because in his statement of facts he referenced the fact that other employees performed Lagorio's job duty to lift and carry heavy buckets (id. at 18).

Just as the court agrees with the Commissioner that Lagorio's arguments in connection with the adequacy of the hearing notice have been waived as untimely raised, so too does the court find that the Commissioner's arguments regarding

Section 404.1573(c) have been waived as having been omitted from the Commissioner's moving papers.  See, e.g., Doe v. Friendfinder Network, Inc., 540 F. Supp. 2d 288, 303 n. 16 (D.N.H. 2008); Santiago v. Astrue, No. 11-CV-537-JL, 2013 WL 1282524, at *4 n. 4 (D.N.H. Mar. 29, 2013).  The court therefore need not consider the Commissioner's novel Section 1574(c) argument.

Even if the court were to consider the novel argument, however, the court would find it unpersuasive.  As to the Commissioner's argument that Lagorio repudiated his sworn affidavit through his hearing testimony, the court finds that Lagorio's hearing testimony falls well short of establishing that the sole accommodation Lagorio received was assistance in moving heavy buckets.  Lagorio did not reference his affidavit in his hearing testimony, let alone clearly repudiate it.  Admin. Rec. at 143-54.  Moreover, he did not clearly state at the hearing that, notwithstanding his contrary affidavit testimony, he was held to the same standard of productivity and permitted to take rest breaks at the same frequency as other employees.  Id.  And because the ALJ disregarded Lagorio's affidavit testimony regarding the terms and conditions of his employment at Stonyfield, the ALJ's decision does not contain any finding—whether or not based on substantial evidence of record—regarding the credibility of the affidavit.  The record therefore contains testimony that the ALJ could have credited regarding multiple accommodations Lagorio received in connection with his employment at Stonyfield.

The court also disagrees with the Commissioner's argument that the court committed manifest error of law in failing to hold that, for purposes of Section

404.1573(c), special conditions must so impair the value of the claimant's services that the claimant's employment amounts to an act of charity.  As noted, the Commissioner cites only case law from outside the First Circuit in support of that proposition.  But this court is not bound by the decisions of courts outside the First Circuit.  See McLaughlin v. Unum Life Ins. Co. of Am., 212 F.R.D. 40, 42 n. 2 (D. Me. 2002) (citing Clifford v. M/V Islander, 882 F.2d 12, 14 (1st Cir. 1989)).  As a general rule, citation to nonbinding authority is insufficient to demonstrate "manifest" error of law.  United States v. Flores-Mora, No. 18-CR-160-01-JL, 2019 WL 2647102, at *1 (D.N.H. June 26, 2019).  By citing exclusively nonbinding authority in support of their assignment of error, Commissioner has failed to meet his heavy burden to demonstrate that the court committed manifest error.  See id.

Moreover, the courts of the First Circuit have not adopted the construction of Section 404.1573(c) the Commissioner now espouses.  See, e.g., Morse v. Colvin, No. 15-CV-382-LM, 2016 WL 3166416, at *7 (D.N.H. June 6, 2016) (remanding for further proceedings in part for the ALJ to evaluate disregarded testimonial evidence that a claimant worked under unspecified special conditions); Ferguson v. Berryhill, No. 1:16-CV-00489-DBH, 2017 WL 2417849, at *7 n. 6 (D. Me. June 4, 2017), report and recommendation adopted, No. 1:16-CV-489-DBH, 2017 WL 2683952 (D. Me. June 20, 2017) (characterizing reliance on a "job coach" as a cognizable accommodation for purposes of Section 404.1573(c)); Maloney v. Barnhart, No. 05-CV-122-SM, 2006 WL 1134925, at *5 (D.N.H. Apr. 28, 2006) (finding error when an ALJ did not consider whether requiring guidance and

assistance in performing job duties and inability to use public transportation to get to work constituted special conditions for purposes of Section 404.1573(c)). The court therefore does not find any error in its construction of Section 404.1573(c).

Finally, the court disagrees with the Commissioner that the ALJ's brief reference to assistance Lagorio received in moving buckets at Stonyfield is sufficient to satisfy the ALJ's obligation to make a Section 404.1573(c) determination. Indeed, even if the ALJ had intended the reference to constitute such a determination—and nothing in the ALJ's decision suggests any such intent—the ALJ's disregard of Lagorio's affidavit testimony regarding the terms and conditions of his employment forecloses the possibility that the ALJ could have made a tacit Section 404.1573(c) determination on the basis of substantial evidence.

In sum, the Commissioner's motion for reconsideration, although well taken as to the ALJ's failure to conduct an unsuccessful work attempt inquiry, provides no ground for disturbing the court's previous disposition regarding the ALJ's failure to conduct a special conditions inquiry under Section 404.1573(c). That failure, without more, constitutes harmful error warranting vacatur of the Commissioner's final order and remand for further proceedings. See, e.g., Maloney, 2006 WL 1134925, at *6. Accordingly, the Commissioner's motion for reconsideration is denied.

## CONCLUSION

For the reasons discussed above, the Commissioner's motion for reconsideration (doc. no. 15) is denied. Pursuant to sentence four of 42 U.S.C. § 405(g), this matter is remanded to the ALJ for further proceedings consistent with this order and, if the ALJ deems it appropriate, the taking of additional evidence or testimony. All other pending motions, including plaintiff's supplemental brief styled as a renewed motion to reverse (doc. no. 20), are denied as moot.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

August 27, 2021

cc: Counsel of Record